IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHARLES A. SYRUS, )
 )
    Plaintiff, )
 )
vs. ) Case No. CIV-10-1116-D
 )
CLAY BENNETT, and OKLAHOMA )
 CITY THUNDER, )
 )
    Defendants. )

## **ORDER**

Before the Court are several affidavits filed by Plaintiff in which he asks the Court to grant a default judgment against the Defendants. The Court has stricken several similar affidavits, but Plaintiff has continued to file unsworn affidavits [Doc. Nos. 15, 16, 17, 20, 27, and 29] in an attempt to obtain a default judgment. For the reasons set forth herein, the affidavits are hereby STRICKEN; to the extent they can be construed as motions seeking a default judgment, they are denied.

Initially, the Court notes that Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirements and the Local Civil Rules regarding default judgments. *See* Fed. R. Civ. P. 55 and LCvR 55.1. Furthermore, his attempt to obtain a default judgment is futile because the record in this case reflects that Defendants are not in default because a motion to dismiss was timely filed within the time period for filing a response to the Complaint. On November 30, 2010, a waiver of service was filed on behalf of both defendants [Doc. No. 10].[1] As set forth in the waiver, the Federal Rules of Civil Procedure provide that, where service has been waived, a defendant has 60

---

[1]As set forth in the waiver, it is not clear from the Complaint whether Plaintiff sues Defendant Clay Bennett only or both Clay Bennett and the Oklahoma City Thunder; the request for summons [Doc. No. 5] names only Clay Bennett, but the Complaint appears to assert claims only against the Oklahoma City Thunder.

days from the date of the request for a waiver in which to file an answer or other response to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(ii). Defendants received the request for waiver of service of summons on November 1, 2010; the motion to dismiss was filed within 60 days, on January 3, 2011 [Doc. No. 13]. The filing of the motion to dismiss in lieu of an answer complies with the Rule 12 deadline for filing a response to the Complaint where service is waived. Accordingly, a default judgment is improper, and Plaintiff's repeated requests for the same are DENIED.

Also before the Court is the Defendants' Motion to Strike [Doc. No. 33] a document filed entitled "Complaint for Negligence" [Doc. No. 32]. As Defendants argue, the document appears to be an attempt by Plaintiff to amend the Complaint. Defendants ask that the document be stricken because Plaintiff failed to seek leave of Court to amend the Complaint as required by the Rule 15 of the Federal Rules of Civil Procedure.

Pursuant to Fed.R.Civ.P. 15(a), an amended complaint may be filed without first obtaining Court authorization only under certain circumstances. The Rule provides in pertinent part that leave of Court is not required if the amended pleading is filed within 21 days after service of the pleading to be amended, or 21 days after service of a motion under Fed. R. Civ. P. 12(b)(6), "whichever is earlier." *See* Fed. R. Civ. P. 15(a)(1)(B). The Rule provides that, in "all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff's "Complaint for Negligence" was not filed until March 15, 2011, long after the 21-day deadline for filing an amended complaint without first obtaining leave of court to do so. Accordingly, to the extent the "Complaint for Negligence" seeks to amend the Complaint filed in this action, it is STRICKEN for failure to obtain leave of Court prior to filing it.

In accordance with the foregoing, Plaintiff's unsworn affidavits seeking a default judgment

2

[Doc. Nos. 15, 16, 17, 20, 27, and 29] are STRICKEN. Defendants are not in default, and a default judgment is not warranted. Although Plaintiff appears *pro se,* he is required to abide by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005). Accordingly, Plaintiff is cautioned that, following the entry of this Order, his continued filing of affidavits or other submissions seeking a default judgment are improper and may subject him to sanctions for failure to comply with this Order.

Defendants' Motion to Strike [Doc. No. 33] is GRANTED. Plaintiff's "Complaint for Negligence" is STRICKEN for failure to obtain leave of Court to amend the Complaint.

IT IS SO ORDERED this 18th day of April, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE