# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| CHARLES A. SYRUS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-10-1116-D |
| CLAY BENNETT, and OKLAHOMA CITY THUNDER, | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion to Dismiss [Doc. No. 13] of Defendants Clay Bennett and Oklahoma City Thunder.[1] Pursuant to Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 12(b)(6), Defendants argue the Complaint fails to allege sufficient facts to satisfy the requirements of these rules. Plaintiff, who appears *pro se*, has timely responded to the motion, and Defendants have filed a reply.

In this action, Plaintiff alleges that Defendants have violated a copyright which he contends is registered to him. According to Plaintiff, Defendants violated federal copyright law by using the phrases "Go Thunder," "Let's go Thunder," and "Thunder Up!" in connection with advertising and promotional activities for the Oklahoma City Thunder professional basketball team. Plaintiff alleges Defendants did so without his permission, thereby violating a copyright based on a song authored by Plaintiff. He seeks money damages for the alleged violation.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain

---

[1] Defendants state in the motion that the correct name of the entity sued as the Oklahoma City Thunder is Professional Basketball Club, LLC. Because the motion does not seek dismissal on that basis, the Court does not address this contention at this time.

statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). However, a "blanket assertion" of entitlement to relief is insufficient to satisfy this requirement. *Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 556 n. 3 (2007). Instead, a plaintiff must set forth in the Complaint sufficient factual allegations to support a claim, and conclusory statements are insufficient. *Id.* at 555. Complaints failing to do so are subject to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Id.*

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247.) "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F. 3d at 1247. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct. 1937, 1951 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* The Court need not accept as true the assertions in a complaint which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Ashcroft,* 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 554-555).

Where a motion to dismiss for failure to state a claim is presented, a court must construe the allegations in the complaint in the light most favorable to the plaintiff. *Buckley Construction, Inc. v. Shawnee Civil and Cultural Development Authority,* 933 F.2d 853 (10th Cir. 1991). All well-pleaded allegations in the complaint must be taken as true. *Id.* at 855. However, a court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft,* 129 S. Ct. at 1949.

Where, as here, the Plaintiff appears *pro se*, the allegations must be construed liberally in his favor. *Garrett v. Selby Connor Maddux & Janer,* 425 F. 3d 836, 840 (10th Cir.2005). However, a *pro se* litigant must "follow the same rules of procedure that govern other litigants." *Shrader v. Biddinger*, 633 F. 3d 1235, 1249 n.9 (10th Cir. 2011) (citing *Garrett*, 425 F. 3d at 840). It is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Garrett*, 425 F. 3d at 840.

The Defendants seek dismissal of Defendant Clay Bennett because the Complaint asserts no allegations against him; it names him as a defendant, but contains no reference to any actions allegedly taken by him. Instead, the Complaint, construed liberally in Plaintiff's favor, is limited to contentions against the Oklahoma City Thunder basketball team. Because Plaintiff has asserted no factual allegations on which a plausible claim against Defendant Bennett could be based, the motion to dismiss Bennett is GRANTED.

Defendants also seek dismissal of Plaintiff's copyright violation claims on the grounds that a plausible claim for relief cannot be based on such claims, as copyright protection does not extend to the words and phrases on which Plaintiff relies to support his claims. As Defendants point out, Plaintiff's allegations in the Complaint assert that his copyright was violated by the chanting of "Thunder Up!" during basketball games, and the use in advertising, singing and chanting the phrases "Go Thunder!" and "Let's Go Thunder." He also alleges that cheerleaders and the mascot for the basketball team vocalize the phrases "Thunder Up," "Go Thunder," and "Let's Go Thunder." He further alleges these phrases appeared on banners displayed on buildings in Oklahoma City as well as inside the arena where the team plays.

Construing his Complaint most liberally, Plaintiff contends he authored a song, with music and lyrics, a copy of which was delivered to the office of the Mayor of Oklahoma City in 2008 at the time efforts were underway to secure a professional basketball team in Oklahoma City. He alleges that, after the team located here, he gave a copy of the song to someone he thought was a coach and to a cheerleader. He alleges that he never heard from anyone. However, he later saw advertisements and heard songs and chants containing the phrases noted above, and he believes these were taken from his song.

As Defendants correctly argue, Plaintiff cannot own a protected copyright in the phrases at issue because "[w]ords and short phrases such as names, titles, and slogans" and " familiar symbols or designs" are "examples of works not subject to copyright." 37 C. F. R. § 202.1(a). "It is axiomatic that copyright law denies protection to 'fragmentary words and phrases' and to 'forms of expression dictated solely at functional considerations' on the grounds that these materials do not exhibit the minimal level of creativity necessary to warrant copyright protection." *CMM Cable Rep.,*

4

*Inc. v. Ocean Coast Properties, Inc.*, 97 F. 3d 1504, 1519 (1st Cir. 1996) (quoting 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 2.01[B]). Even where a phrase appears in a copyrighted work, the phrase is not entitled to copyright protection. *Arica Institute, Inc. v. Palmer*, 970 F. 2d 1067, 1072-73 (2d Cir. 1992). Thus, to the extent that Plaintiff's Complaint alleges a copyright violation based on the use of "Go Thunder," "Let's Go Thunder," and "Thunder Up," he cannot state a plausible claim for relief because those phrases are not protected by copyright law, even if the phrases were contained in a song or other work which is copyrighted.

In his response to the Motion, Plaintiff argues that Defendants are in default because they did not file an answer within the time prescribed by the Federal Rules of Civil Procedure, and they instead filed the instant motion. The Court has addressed that issue in a separate order, and has determined Plaintiff's argument is without merit because Defendants are not in default. Accordingly, these arguments do not impact the Court's ruling on the Motion to Dismiss.

Plaintiff's response to the Motion to Dismiss does not address the requirements of *Twomby*, and does not respond to Defendants' argument regarding the scope of copyright protection.[2] Because such protection does not, as a matter of law, extend to the words and phrases cited by Plaintiff in the Complaint, even if those words and phrases are contained in copyrighted material, Plaintiff cannot state a plausible claim for relief based on copyright infringement. The Motion is GRANTED.

Having so concluded, the Court must consider whether Plaintiff should be allowed to amend

---

[2]Since filing his response, Plaintiff has filed with the Court numerous additional materials, some of which were stricken as exhibits improperly submitted without first obtaining leave of Court. The submission of what Plaintiff considers evidentiary material in support of his claim does not impact the Court's ruling on the Motion because a Rule 12(b)(6) motion to dismiss tests only the sufficiency of the pleadings, and materials outside the scope of the Complaint may not, as a general rule, be considered. *See, e.g., MacArthur v. San Juan County*, 309 F. 3d 1216, 1221 (10th Cir. 2002).

to cure the pleading deficiencies in the Complaint. Where, as here, Plaintiff does not expressly seek leave to amend in the event of dismissal, the Court is not required to consider the propriety of an amendment, and has the authority to dismiss the claims with or without leave to amend. *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994). However, "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Id.* (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)).

A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason; leave to amend may also be denied where an amended pleading would not survive a motion for summary judgment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bauchman for Bauchman v. West High School*, 132 F. 3d 542, 562 (10th Cir. 1997)(citations omitted); *Hom v. Squire*, 81 F. 3d 969, 973 (10th Cir.1996). "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F. 3d 1213, 1219 (10th Cir. 2006). That rule applies even if a plaintiff appears *pro se*. *Roth v. Wilder*, 2011 WL 1035728, at *1 (10th Cir. Mar. 23, 2011)(unpublished opinion) (citing *Brereton*, 434 F. 3d at 1219).

Construing Plaintiff's allegations most liberally in his favor, the basis for his copyright infringement claim is limited to the use of the words and phrases which he contends are contained in a work protected by a copyright. As set forth herein, that contention does not withstand dismissal because the words and phrases are not protected by federal copyright law. Accordingly, it would be futile to permit Plaintiff to attempt to amend the Complaint to state sufficient factual material to

6

support his claim.

For the foregoing reasons, the Motion to Dismiss [Doc. No. 13] is GRANTED, and this action is dismissed with prejudice. Judgment shall enter accordingly.

IT IS SO ORDERED this 19th day of April, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE