# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES A. SYRUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-1116-D |
| ) | |
| CLAY BENNETT, and OKLAHOMA ) | |
| CITY THUNDER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion for Attorney Fees [Doc. No. 44]. As the prevailing parties on their motion to dismiss Plaintiff's copyright infringement claims, Defendants seek an award of attorney fees, as authorized by 17 U. S. C. § 505. Plaintiff, who appears *pro se* and *in forma pauperis,* has not responded to the motion; the deadline for doing so has expired.

As Defendants acknowledge in the motion, an award of fees to a prevailing defendant in a copyright infringement action formerly required the Court's determination that the plaintiff brought the suit frivolously or in bad faith; however, the Supreme Court altered that requirement in *Fogerty v. Fantasy, Inc.*, 510 U. S. 517 (1994), and held that whether fees may be awarded to a prevailing defendant is a matter within the "equitable discretion" of the trial court. *Id.* at 534. Among the factors a court may consider in exercising its discretion are frivolousness, motivation, objective unreasonableness regarding the factual and legal issues, and the need to deter additional unwarranted copyright claims. *Fogerty*, 510 U.S. at 534 n. 19.

As set forth in the Court's Order [Doc. No. 46] granting Defendants' motion to dismiss, Plaintiff's allegations in this action were insufficient as a matter of law to state a plausible claim for

relief based on copyright infringement. As Defendants point out, the record in this case also reflects that Plaintiff filed several motions which were procedurally incorrect, and he repeatedly submitted materials which were not within the proper scope of the matters to be decided. While Plaintiff's conduct in doing so required an unnecessary expenditure of Court time and staff resources, such conduct is not uncommon where a plaintiff appears *pro se*. On the other hand, Defendants correctly argue that *pro se* litigants are required to comply with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. *Shrader v. Biddinger*, 633 F. 3d 1235, 1249 n. 9 (10th Cir. 2011). Furthermore, the numerous filings by Plaintiff in this case required Defendants' counsel to devote considerable time to reviewing those submissions, resulting in additional expense.

Defendants submit with their motion an affidavit setting out in detail the time expended and the amount of attorney fees incurred in defending Plaintiff's claims. The Court has reviewed the submission, and notes its reflects a total of $9,103.00 in attorney fees actually incurred by Defendants. That amount is properly documented by a summary identifying each attorney or paralegal performing the work, the number of hours incurred by that individual, and the applicable hourly rate for that individual's services. Motion, Ex. 1 at p. 2. However, acknowledging Plaintiff's financial status, Defendants ask the Court to award $2,500.00 as a reasonable attorney fee in this case.

The Court has carefully considered the matter in light of the factors announced in *Fogerty*. The Court has also considered the Plaintiff's lack of financial resources. However, the Court must also consider the need, as acknowledged in *Fogerty*, to deter Plaintiff from again pursuing an unwarranted claim and seeking excessive damages. The Court must also consider the impact on Defendants, who must expend their time and financial resources in defending unwarranted claims.

Having weighed these factors, and giving particular consideration to Plaintiff's lack of financial resources, the Court concludes that an attorney fee of $500.00 is adequate to serve the purposes recognized in *Fogerty*.

Accordingly, Defendants' motion is GRANTED in part and DENIED in part. The motion is granted to the extent that, as prevailing parties, Defendants are entitled to a reasonable fee. The amount sought, however, exceeds that which is reasonable and equitable, given the specific circumstances of this case. Accordingly, Defendants are awarded a fee of $500.00.

IT IS SO ORDERED this 17th day of June, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE